James J. DANEKER, et al.

v.

J. Renn OLENN, et al.

No. 96–147–Appeal.

Supreme Court of Rhode Island.

Dec. 5, 1997.

Michael R. Hagopian, Cranston, Michael DiChiro, Jr., Johnston.

Stephen M. Miller, Providence.

### ORDER

On November 12, 1997, this matter came before the Supreme Court for oral argument pursuant to an order directing the plaintiffs to appear and show cause why the issues presented should not be summarily decided. After hearing the parties' arguments and reviewing their memoranda, we conclude that cause has not been shown and that this case should be decided at this time. The facts insofar as pertinent to this appeal are not in controversy.

The plaintiffs, James J. and Antonette M. Daneker own land adjacent to the property of their mother, plaintiff, Marion E. Daneker (collectively "Danekers"). James J. Daneker testified that when he and his wife built their home in 1976, there was a vacant lot to the rear of their home. In late 1976, or early 1977, the Danekers were notified of a request to change the vacant lot's zoning to commercial in order to accommodate the proposed development by the then-owners, Metropolitan Life Insurance Company (Metropolitan). After hearing Metropolitan's proposal, the Danekers' concerns were mollified by a reduction in the size of the proposed building and an agreement that a wooden screening fence would be erected to separate the commercial building from the residential homes. Soon after, Metropolitan constructed the building and the fence as agreed. The fence, however, was not constructed on the property line.

In an apparent attempt to further neighborly relations, Metropolitan constructed the fence twelve feet onto its own property, supposedly so the fence could be maintained without having to enter any of the neighbors' property. The Danekers point out that they made no financial contributions to the erection of the fence, nor did they have any input into where the fence would be placed. Furthermore, there was no access through the fence from one side of the property to the other.

The Danekers assert that beginning with the time the fence was built in 1977, they began a routine of regular maintenance as to

the disputed twelve foot strip of land which, after the requisite ten year period elapsed, resulted in their claim for adverse possession. Specifically the Danekers argued that they repaired the fence, continuously maintained and mowed the strip, as well as sodded the land. The Danekers also demonstrated that they cut down trees within the disputed area in 1981. Furthermore, the Danekers assert that the erection of a swimming pool in 1981, and the construction of a shed in 1989 within the subject parcel, further evinces that they "treated the strip of land as [their] own."

In April 1989, the successors to Metropolitan, O & P Realty (defendant), had the property surveyed and discovered that the fence was not on the boundary line. After becoming aware of this fact, O & P Realty notified the abutting neighbors of its intention to move the fence to its proper boundary line. With the exception of the Danekers, there were no objections. Consequently, in March 1990, the Danekers first claimed that they had acquired the disputed land through adverse possession. In the alternative, the Danekers also argued that they acquired title to the strip through the doctrine of acquiescence. The trial justice, however, disagreed with both assertions and in awarding possession to the defendants determined that (1) the Danekers failed to establish by clear and convincing evidence a claim of adverse possession and (2) the fence was not considered a boundary line between the two parties and therefore the doctrine of acquiescence was not applicable. After reviewing the record we agree with the trial justice.

It is well settled that in order to establish a claim for adverse possession under G.L. 1956 § 34-7-1, a claimant must prove that possession is "actual, open, notorious, hostile, under claim of right, continuous, and exclusive" for a period in excess of ten years. *Locke v. O'Brien*, 610 A.2d 552, 555 (R.I. 1992) (quoting *Sherman v. Goloskie*, 95 R.I. 457, 465, 188 A.2d 79, 83 (1963)). *See also* § 34-7-1. Furthermore, "[e]vidence of adverse possession must be proved by strict proof, that is, proof by clear and convincing evidence of each of the elements of adverse possession." *Locke*, 610 A.2d at 555. Here,

the trial justice determined that the Danekers' testimony was equivocal as to the starting time of their adverse possession claim. Although the Danekers attempted to demonstrate their claim through continuous use, the trial justice found that the Danekers' careful positioning of an aboveground pool in 1981, so as not to encroach on the disputed parcel, was indicative of a lack of intent to exercise dominion, control or continuous use of the subject property. The trial justice went on to state "the placement of the pool right up to and not over the legal boundary line does nothing to enhance [the adverse possession] claim and leads the Court to the reasonable inference that Mr. Daneker was well aware that he had no legal right to use the 12 foot strip of property in dispute." Since the Danekers cannot demonstrate by clear and convincing evidence either when the adverse possession began or that the ten years prescribed by § 34-7-1 has been satisfied, we conclude the trial justice was correct in denying the Danekers' claim for adverse possession.

Additionally, the record is entirely devoid of any express agreement between Metropolitan and the Danekers with respect to the fence serving as a boundary, nor is there any evidence to support the inference that either party observed the fence as a boundary marker. In order to demonstrate acquiescence, the Danekers must show evidence of either an express agreement or the existence of a boundary marker that the parties recognized "for a period equal to that prescribed in the statute of limitations to bar a reentry, or ten years." *Locke*, 610 A.2d at 556. Here the court found that the fence was not considered a boundary marker and the Danekers even admitted that the fence was only intended as a screening device. Therefore, we conclude that the Danekers' acquiescence claim must also fail.

For the foregoing reasons we deny and dismiss the plaintiffs' appeal. The judgment of the Superior Court is affirmed and the papers in this case are remanded.

BOURCIER, J.; did not participate.